IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0725-05





NICHOLAS DURAN BALLARD, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


GREGG COUNTY






 Cochran, J., filed a concurring opinion.



O P I N I O N 


 

 I join the majority opinion. I add these comments only to emphasize that this
appeal involves the legal and factual sufficiency of the evidence to support the trial
court's rejection of appellant's affirmative defense to aggravated kidnapping of voluntary
release in a safe place. (1) I agree with the Court of Appeals that, although "the evidence
does reveal a reduction in Ballard's control over Lambeth," it does not reveal

 a voluntary release of Lambeth. While there is conflicting evidence on the
matter-and Lambeth's testimony is not entirely clear on whether she felt
free to leave-what is clear is that the trial court, acting as finder of fact in
the face of conflicting evidence, was authorized to believe or disbelieve any
portion of the evidence. (2)


The trial judge in this case was able to see Ms. Lambeth for himself, gauge her appearance,
demeanor, and any nonverbal interactions between her and her former boyfriend during her
testimony. Neither we nor the court of appeals were present during this testimony, nor can
we adequately assess the credibility of Ms. Lambeth's in-court testimony.

 As the court of appeals's opinion sets out the evidence, appellant and Ms. Lambeth
clearly had a "troubled" relationship. They "share a child from their prior relationship," and
appellant married another woman, but he continued to be very jealous of Ms. Lambeth's
possible relationships with other men. (3) On prior occasions, he had accessed her e-mail,
broken into her home, assaulted her, and threatened to kill her if she had another boyfriend. (4) 
It is undisputed that appellant kidnapped Ms. Lambeth at gunpoint from a college campus,
and that she went with him because she did not want him to kill her. (5) 

 Given the nature of this relationship and of appellant's manner of kidnapping and
sexually using Ms. Lambeth, I agree that the trial judge's conclusion that appellant failed to
prove, by a preponderance of the evidence, that he voluntarily released Ms. Lambeth in a safe
place is supported by the evidence and reasonable inferences from that evidence. That a
different factfinder might well have concluded that Lambeth's testimony, including her
statement, "I didn't leave because I just got back in the groove that I was used to[,]"
supported an inference that Ballard had voluntarily released her in a safe place when he left
her alone in the car is of no moment. 

Filed: June 7, 2006

Publish
1. Tex. Penal Code § 20.04(d).
2. Ballard v. State, 161 S.W.3d 269, 277 (Tex. App.-Texarkana 2005).
3. Id. at 274.
4. Id.
5. Id.